# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT W. PLITT, ) | 1:07-cv-01879 YNP (DLB) (HC) |
| ) | |
| Petitioner, ) | ORDER GRANTING RESPONDENT'S |
| ) | MOTION TO DISMISS |
| v. ) | [Doc. #15] |
| ) | |
| ) | ORDER DISMISSING PETITION |
| JAMES A. YATES, Warden, ) | |
| ) | ORDER DIRECTING CLERK TO ENTER |
| Respondent. ) | JUDGMENT |
| ) | |
| ) | ORDER DENYING CERTIFICATE OF |
| _____ ) | APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

On April 25, 2003, Petitioner was sentenced to an indeterminate prison term of twenty-five years to life plus one year for a prison term enhancement. (Mot. to Dismiss at 1; Lodged Docs. 1-2).

On July 2, 2004, the California Court of Appeal, Fifth Appellate District, affirmed the conviction. (Mot. to Dismiss at 2; Lodged Doc. 2). Petitioner did not seek review from the California Supreme Court. (Mot. to Dismiss at 2).

<u>Petitions for Writ of Habeas Corpus</u>

On May 31, 2005, Petitioner filed a petition for writ of habeas corpus with the California

Supreme Court, which was denied on April 26, 2006 [1]. (Mot. to Dismiss at 2).

On September 8, 2006, Petitioner filed a petition for writ of habeas corpus in the Fresno County Superior Court. (Id.; Lodged Doc. 3). The petition was denied on September 15, 2006. (Mot. to Dismiss at 2; Lodged Doc. 4).

On October 19, 2006, Petitioner filed the first of three petitions for writ of habeas corpus with the California Court of Appeal, Fifth Appellate District; that petition was denied on January 19, 2007. (Mot. to Dismiss at 2; Lodged Docs. 5, 6). Petitioner filed his second petition with the appellate court on January 3, 2007, which was denied on January 18, 2007. (Mot. to Dismiss at 2; Lodged Docs. 7, 8). The third appellate court petition was filed on March 4, 2007 and denied on August 2, 2007. (Mot. to Dismiss at 3; Lodged Docs. 9, 10).

On August 8, 2007, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. (Mot. to Dismiss at 3; Lodged Doc. 11). The court summarily denied review on October 17, 2007. (Mot. to Dismiss at 3; Lodged Doc. 12).

Petitioner filed a petition for writ of habeas corpus with this Court on December 27, 2007. On September 9, 2008, Respondent filed a motion to dismiss the petition claiming it was not filed in Federal Court within the statute of limitations period. (Doc. #15). Petitioner filed an opposition to the motion on October 22, 2008. (Doc. #25). On November 6, 2008, Respondent filed a reply to Petitioner's opposition, (Doc. #26), and on November 21, 2008, Petitioner filed a response to Respondent's reply. (Doc. #27). It is Respondent's motion to dismiss that will be considered herein.

**DISCUSSION**

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S.

---

[1] Unless otherwise specified, all petitions are deemed filed on the date on which they are signed pursuant to the prison mailbox rule. See Rule 3(d) for the Federal Rules Governing Section 2254 Cases; see also Houston v. Lack, 487 U.S. 266 (1988). However, with regard to this particular petition, the prison mailbox cannot be used. See Mot. to Dismiss at 2 n.2.

Constitution. In addition, the conviction challenged arises out of the Fresno County Superior Court, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d). Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Anti-terrorism and Effective Death Penalty Act (AEDPA), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II. Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition . . . that the petitioner is not entitled to relief." *See* Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. *See, e.g.*, O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitation period. Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**III.  Limitation Period for Filing a Petition for Writ of Habeas Corpus**

The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. at 326-27; Jeffries v. Wood, 114 F.3d at 1499. As noted above, the instant petition is subject to the requirements laid out in the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  When a petitioner does not seek review in the California Supreme Court, the California Court of Appeal's decision becomes final forty days after the opinion is issued.  See Cal. R. Ct. 8.264(b), 8.500(e), 8.60; Cal. Civ. Proc. Code § 12; Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  After the California Court of Appeal upheld his conviction, Petitioner had forty days in which to file a petition for review in the California Supreme Court. The Court of Appeal filed its opinion on July 2, 2004, giving Petitioner until August 11, 2004, to file a petition for review in the state supreme court.  When Petitioner failed to seek review in the state supreme court by August 11, 2004, the Court of Appeal's decision became final and the one year limitation period began to run the next day, August 12, 2004.  Absent any applicable tolling, Petitioner had until August 12, 2005,

by which to file a petition for writ of habeas corpus in the Federal District Court.

**IV.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)**

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. Carey v. Saffold, 536 U.S 214 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); Welch v. Newland, 267 F.3d 1013, 1016 (9th Cir. 2001) ("tolled period includes intervals between the disposition of a state court petition and the filing of a subsequent petition at the next state appellate level"); Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (stating that the "AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue."); cf. Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001) (Court found no tolling between consecutive filings at the same level); Lewis v. Mitchell, 173 F.Supp.2d 1057, 1061 (C.D. Cal. 2001) (holding that the interval between a motion for sentence modification in the state superior court and a habeas petition in the superior court was not tolled pursuant to 28 U.S.C. § 2244(d)(2)).

The limitation period is tolled while a "properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005).  "A state post conviction petition rejected by the state court as untimely" cannot be considered "properly filed." Id.

First Petition in the California Supreme Court

Petitioner filed his first petition for habeas corpus with the California Supreme Court on May 31, 2005--292 days after the limitation period began to run.  Respondent does not contend that Petitioner's application was improperly filed; therefore, the limitation period was tolled from May 31, 2005 thru April 26, 2006, while the petition was pending in the state supreme court.

Petition in the Superior Court

In California, the question of the length of time one has in which to file an appeal is not one of timeliness, but rather, whether the petitioner exercised due diligence when filing his habeas petition. Thus the petitioner is not given an actual deadline by which to file his petition; he is merely required to file within a "reasonable time." Saffold, 536 U.S. at 235. In the absence of "clear direction or explanation" from the state court indicating whether the state petition was timely, the federal court "must itself examine the delay . . . and determine what the state courts would have held in respect to timeliness." Evans v. Chavis, 546 U.S. 189, 197 (2006). In Chavis, the Supreme Court found a period of six months filing delay to be unreasonable under California law. Id. at 201. The Supreme Court stated, "Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court." Id. (quoting Saffold, 536 U.S. at 219). In addition, the Supreme Court provided the following guidance for determining timeliness:

> [T]he Circuit must keep in mind that, in Saffold, we held that timely filings in California (as elsewhere) fell within the federal tolling provision *on the assumption* that California law in this respect did not differ significantly from the laws of other States, i.e., that California's 'reasonable time' standard would not lead to filing delays substantially longer than those in States with determinate timeliness rules.

Chavis, 546 U.S. at 199-200 (citing Saffold, 536 U.S. at 222-23).

Petitioner's state supreme court petition was denied on April 26, 2006, but he did not file his next petition, in the Fresno County Superior Court, until September 8, 2006. Petitioner's delay of 135 days is far greater than the short period of time of 30 to 60 days provided by most states for filing an appeal. A delay of more than four months, when only one or two months is normally allotted, seems excessive. Because Petitioner waited an unreasonable time before filing in the Fresno County Superior Court, he cannot receive tolling for the interval between the supreme court and the superior court.

Furthermore, the time period between the state supreme court petition and the superior court petition cannot be tolled because the limitations period only "remains tolled during the intervals between the state court's disposition of the state habeas petition and the filing of a petition at the next sate appellate level." Nino v. Galaza, 183 F.3d 1003, 1006-07 (9th Cir. 1999) . Petitioner did not move to the next state appellate level when he went from the state supreme court to the superior

court, in fact, he moved down two levels. Petitioner cannot receive tolling for the interval between the supreme court and the superior court due to the fact that Petitioner filed his second petition in a lower court rather than moving forward in the progressive series of courts able to hear such petitions.

The Limitations Period Ends

When the clock began to run again on April 27, 2006, the day after the California Supreme Court denied his petition, Petitioner only had 73 days left in which to file his federal petition. Because he cannot receive tolling for the 135 days that lapsed between the supreme court and the superior court petitions, the limitation period ran out on July 8, 2006. Petitioner did not file his federal petition until December 27, 2007, thus he did not file within the AEDPA one-year limitation period.

**V. Equitable Tolling**

The limitation period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998) (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997)); Calderon v. U.S. Dist. Ctourt for the Cent. Dist. Of Cal.(Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997) (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"), *overruled on other grounds by* Calderon v. U.S. Dist. Court for Cent. Dist. Of California, 163 F.3d 530, 539 (9th Cir. 1998), *abrogated by* Woodford v. Garceau, 538 U.S. 202 (2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). Petitioner bears the burden of alleging facts that would give rise to tolling. Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner claims that the following extraordinary circumstances prevented him from filing his petition in a timely manner: 1) Petitioner relied on a letter from the Supreme Court of California which misstated the date on which his Court of Appeal decision became final. (See Opp'n at 5); 2) Petitioner claims that he was abandoned by his appellate project attorney with no explanation of the

AEDPA limitations period. (Id. at 3); and 3) Petitioner claims that several "state induced impediments" made it impossible for him to file in a timely manner--rolling lock-downs, staff shortages, split-tier programming, staff shortages in the law library causing the library to have limited access at times, and Petitioner's assignment to work programming which cut into the time he was able to spend in the law library. (Id.)

Supreme Court of California Letter

Petitioner claims that he did not file his federal petition in a timely manner because, due to an error in a letter from the Supreme Court of California, Petitioner thought the limitations period began running later than it actually did. This argument is based on a letter that Petitioner received from the Supreme Court of California which says, "[a] check of the Court of Appeal docket shows that the judgment was affirmed July 2, 2004. This court lost jurisdiction to act on any petition for review September 30, 2004. (See Cal. Rules of Court, rule 28(e).)" (Id. at 5). The letter seemingly gives ninety days to file with the Supreme Court of California instead of forty; however, the rule cited, 28(e); which has been renamed 8.500(e), specifies forty days. The only conclusion this Court can come to is that the letter miscalculated the date but this is not grounds on which the start date of the limitations period can be changed. The fact that the letter stated the wrong date did not in any way prevent Petitioner from filing his petition in a timely manner. See Randel v. Crawford, __ F.3d __, (9th Cir. 2009). Furthermore, it is well settled law that "an attorney's negligence in calculating the limitations period for a habeas petition does not constitute an 'extraordinary circumstance' warranting equitable tolling." Id., citing Miranda v. Castro, 292 F.3d 1063, 1066-67 (9th Cir. 2002). In this case, Petitioner did not rely on his own counsel's calculation of the limitations period, but the calculation of the Supreme Court of California; we find these two situations to be anagalous. The Court fails to see why a petitioner would rely to a substantially greater degree on a calculation made by a state supreme court than he would rely on a calculation made by his attorney; therefore, we have no qualms about applying the attorney miscalculation rule to a miscalculation made by the state court. The Supreme Court of California's miscalculation of the date that Petitioner's judgment would become final is not an "extraordinary circumstance" warranting equitable tolling.

//

Abandoned by Appellate Project Attorney

Petitioner claims that he was "abandoned" by his appellate project attorney with no explanation of the AEDPA one-year limitation period. As mentioned above, attorney negligence is rarely enough to constitute an "extraordinary circumstance" warranting equitable tolling. Furthermore, a petitioner's ignorance of the law is also not enough to garner equitable tolling. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); Hughes v. Idaho State Bd.of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar).

It is unclear exactly what role this appellate project attorney actually played with regard to Petitioner's petition because Petitioner never indicated in any of his filings at what point he was working with this attorney or the extent of the relationship. But even if we assume that Petitioner and the appellate project attorney were engaged in a full attorney/client relationship, the fact that the attorney did not tell Petitioner about the one-year limitations period does not meet the standard needed to establish an "extraordinary circumstance" warranting equitable tolling. Similar to the situation with the letter from the state supreme court, the fact that Petitioner may not have known about the limitation period did not actively impede him from diligently pursuing his post-conviction appeals. Petitioner's ignorance of AEDPA and the fact that his appellate project attorney did not tell him about it, does not rise to the level of an "extraordinary circumstance" that prevented Petitioner from filing his federal petition and accordingly does not warrant equitable tolling.

State Induced Impediments

Petitioner's last argument is that a series of state induced impediments prevented him from filing his federal petition in a timely manner. Equitable tolling is based on the idea that if a petitioner has acted diligently in his attempt to file his petition in a timely manner but is still prevented from doing so by external forces, then his limitation period should be tolled. Pace v. DiGuglielmo, 544 U.S. 408, 418-19 (2005). Circumstances such as lockdowns, staff shortages, and split-tier programming are not extraordinary; in fact, in prison, these circumstances are quite ordinary. The burdens of prison life must be taken into consideration when a petitioner is diligently

pursuing his petition. The federal form petition for writ of habeas corpus is set up so that one does not need extensive legal research in order to file and Petitioner has offered no evidence as to a specific circumstance that genuinely kept him from filling out the form and placing it in the mail within the one-year limitation period. The Court would also like to note the patent absurdity of Petitioner's argument that he should be granted extra time because the prison assigned him to work programming thereby denying Petitioner the opportunity to spend all day in the law library (Opp'n at 3). The conditions of which Petitioner complains are inherent in prison confinement do not warrant equitable tolling

**CONCLUSION**

Petitioner did not file his federal petition for writ of habeas corpus within the one-year limitation period. Petitioner cannot receive statutory tolling enough to bring his filing within the limitation period nor should Petitioner be granted any equitable tolling. Because Petitioner's federal filing was untimely, it is dismissed with prejudice.

**CERTIFICATE OF APPEALABILITY**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

   (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

   (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

   (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–

      (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

      (B) the final order in a proceeding under section 2255.

   (2) A certificate of appealability may issue under paragraph (1) only if the

applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DENIES Petitioner's motion for certificate of appealability.

**ORDER**

1. Respondent's Motion to Dismiss is hereby GRANTED;

2. Petitioner's petition for writ of habeas corpus is hereby DENIED;

3. The clerk of the court is hereby DIRECTED to enter judgment; and

4. Certificate of appealibility is hereby DENIED.

IT IS SO ORDERED.

Dated:   **September 23, 2009**          /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE